**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1039-18T3

KAREN A. BLOCK,

     Plaintiff-Respondent,

v.

CORNELIUS J. BLOCK, JR.,

     Defendant-Appellant.

_____

          Submitted November 14, 2019 – Decided November 21, 2019

          Before Judges Haas and Enright.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FM-04-1004-13.

          Neil I. Sternstein, attorney for appellant.

          Trimble & Armano, attorneys for respondent (Keith R. Trimble, on the brief).

PER CURIAM

    In this post-judgment matrimonial matter, defendant appeals from the

Family Part's September 21, 2018 order entered by Judge Judith S. Charny. In

this order, the judge, among other things: (1) granted plaintiff's motion to enforce litigant's rights due to defendant's failure to pay child support and vacate the former marital home as required in the court's May 26, 2017 order; (2) directed defendant to pay plaintiff $2000 as a sanction for his violation of the May 26 order; (3) set the amount of defendant's child support arrears at $3391; and (4) ordered defendant to pay plaintiff $287 per week in child support, plus $35 per week toward his arrears through the Probation Department.

On appeal, defendant raises the following contentions:

I. The Court Erred When It Failed to Grant an Adjournment To Defendant's Counsel.

II. The Court Erred When It Failed To Take Testimony from the Litigants, and Defendant was Denied Due Process.

III. The Court Erred When It Imposed Sanctions.

IV. The Court's Order is Ambiguous and Should be [V]acated.

V. Upon Remand a Different Judge Is Required to Hear the Case. (Not raised below).

Based on our review of the record and the applicable law, we affirm substantially for the reasons expressed by Judge Charny in her oral decision. We add the following brief comments.

A-1039-18T3

The scope of our review of the Family Part's order is limited. We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)) (alteration in original).

While we owe no special deference to the judge's legal conclusions, Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995), we "'should not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (quoting Cesare, 154 N.J. at 412) (alteration in original). We will only reverse the judge's decision when it is necessary to "ensure that there is not a denial of justice because the family court's conclusions are [] clearly mistaken or wide of the

mark." Id. at 48 (alteration in original) (internal quotations omitted) (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)).

Applying these principles, defendant's arguments concerning the September 21, 2018 order reveal nothing "so wide of the mark" that we could reasonably conclude that a clear mistake was made by the judge. The record amply supports Judge Charny's factual findings and, in light of those findings, her legal conclusions are unassailable.

Contrary to defendant's argument, the judge did not abuse her discretion by denying defendant's untimely request for a second adjournment after she previously postponed consideration of plaintiff's enforcement motion for thirty-six days when defendant asserted he needed more time to retain an attorney. Defendant clearly had ample time to obtain counsel. Under these circumstances, the judge's decision to require defendant and his attorney to proceed on the new scheduled return date was plainly appropriate. J.D. v. M.D.F., 207 N.J. 458, 480 (2011).

There was no need for the judge to conduct a plenary hearing prior to addressing plaintiff's motion. Defendant did not file a response to plaintiff's motion and did not submit a certification contradicting any of the facts set forth in plaintiff's papers. Thus, there was no dispute as to any material fact and a

4

hearing was not required. <u>Hand v. Hand</u>, 391 N.J. Super. 102, 105 (App. Div. 2007).

We also discern no basis for disturbing the judge's decision to impose a $2000 sanction upon defendant in view of his past failure to abide by the court's orders and to ensure that he would comply in the future. The imposition of a reasonable monetary sanction is "an entirely proper tool to compel compliance with a court order." <u>Franklin Twp. Bd. of Educ. v. Quakertown Educ. Ass'n</u>, 274 N.J. Super. 47, 55 (App. Div. 1994). Here, the judge was thoroughly familiar with all the relevant facts, the sanction was not excessive, and it was designed to facilitate defendant's future adherence to the court's orders.

Finally, the September 21, 2018 order was not ambiguous. It directed defendant to pay plaintiff the sanction and did not permit him to take this payment as a credit against his child support arrears. Therefore, we also reject defendant's contention on this point.[1]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Because we have affirmed the trial judge's decision in all respects, we need not consider the argument defendant raises in Point V of his brief.

5                                                                 A-1039-18T3